**Mark GUMEAR, Appellant,**

v.

**INTERIOR CREDIT BUREAU, Appellee.**

**No. 5167.**

Supreme Court of Alaska.

May 8, 1981.

Walter P. Zulkoski, Alaska Legal Services Corp., Fairbanks, for appellant.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS, and COMPTON, JJ.

OPINION

MATTHEWS, Justice.

The issue of this case is whether the superior court erred in entering judgment pursuant to Alaska Rule of Civil Procedure 68.

In December, 1977, Interior Credit Bureau, Inc. sued Gumear for $905.24 in an action for debt. Gumear personally served and filed an offer of judgment on January 24, 1979. On February 6, Interior served written notice of its acceptance on Gumear's attorney.

In December of 1979, Interior moved for a judgment in accordance with the Rule 68 offer and acceptance. Gumear opposed the motion on the grounds that Interior's acceptance had been untimely. The superior court entered a judgment against Gumear based on the acceptance and he has appealed. Interior has not appeared in opposition.

Gumear contends that the superior court erred when it entered judgment on the offer and acceptance, because the acceptance was not within the ten day time limit expressed in Civil Rule 68. We agree.

Civil Rule 68 provides in relevant part: At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. *If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn* and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than

the offer, the offeree must pay the costs incurred after the making of the offer. [Emphasis added].

Under Rule 68, when Interior received service of Gumear's offer on January 24, it had until Monday, February 5 to serve written notice that the offer was accepted.[1] Thus, Interior's notice of acceptance on February 6 came one day too late; the offer had been automatically withdrawn at the end of the previous day.

Rule 68 expresses a procedure by which a contract for the entry of judgment is formed. Under the law of contract formation deadlines for acceptance of offers are followed literally. If a deadline expires before an offer is accepted no contract is made. 1 A. Corbin, Contracts § 35 (1963); 1 Williston on Contracts, § 53 (3d ed. 1957).[2] The offeror is under no duty to make an offer. If he makes one, he is entitled to rely on the time expressed for termination of the power to accept it. That is the situation in this case.

The judgment below is VACATED.

---

1. Alaska R.Civ.P. 6(a) provides the rules for computation of this result. The day of January 24 is not included in the 10 day period, and since the period of time is not less than seven days, intermediate weekends and holidays are included. The period may not end on a week-

end or holiday, so Monday, February 5 was the final day for Interior to accept.

2. With one exception, not applicable here, see A. Corbin, supra, § 35 at 146–47.